| DISTRICT COURT, BOULDER COUNTY, COLORADO<br>Court Address:<br>1777 Sixth Street P.O. Box 4249, Boulder, CO, 80306-4249 | |
|---|---|
| **Plaintiff(s)** GOODNIGHT GAMEDAY LLC<br>v.<br>**Defendant(s)** GAMEDAY ENTERTAINMENT LLC | DATE FILED: June 5, 2017 10:12 AM<br>CASE NUMBER: 2017CV30568 |
| | ⚠ **COURT USE ONLY** ⚠ |
| | Case Number: 2017CV30568 |
| | Division: 3     Courtroom: |
| **Order Appointing Receiver (Proposed)** | |

The motion/proposed order attached hereto: SO ORDERED.

Issue Date: 6/5/2017

*[signature]*

NORMA ANGELICA SIERRA
District Court Judge

| District Court, Boulder County, State of Colorado<br>1777 Sixth Street<br>Boulder, Colorado 80302<br>(303) 441-3750 | |
|---|---|
| Plaintiff:<br><br>GOODNIGHT GAMEDAY LLC<br><br>vs.<br><br>Defendant:<br><br>GAMEDAY ENTERTAINMENT, LLC. | ▲COURT USE ONLY▲<br>_____ |
| **Attorneys for Plaintiff Goodnight Gameday LLC:**<br><br>John T. Sullivan, Esq.<br>Sullivan Green Seavy, LLC<br>3223 Arapahoe Avenue, Suite 300<br>Boulder, CO 80303<br>Phone Number: (303) 440-9101<br>E-mail: john@sullivangreenseavy.com<br>Atty. Reg. #: 17069 | Case No:<br>Division: |
| **ORDER APPOINTING RECEIVER (PROPOSED)** | |

The Court has considered the Motion for Appointment of Receiver (Unopposed) filed by Plaintiff Goodnight Gameday LLC ("GGL"), and for good cause having been shown,

**HEREBY FINDS:**

1. Comerica Bank ("Comerica") and Gameday entered into an Amended and Restated Loan and Security Agreement as of December 31, 2009 and amended and restated as of June 28, 2013 for $4,775,000 (the "Loan"). The Loan was secured by a UCC-1 financing statement #20092107455, filed in the office of the Colorado Secretary of State on December 31, 2009, which perfected a security interest in substantially all of Gameday's assets. The UCC-1's current lapse date is December 31, 2019.

2. Gameday defaulted on the Loan.

3. GLL's predecessor in interest was a guarantor of Gameday's payment obligations under the Loan and, pursuant to that suretyship responsibility, cured Gameday's payment defaults under the Loan. In consequence, GGL's predecessor in interest was subrogated to

Comerica's rights and remedies as against Gameday including, without limitation, Comerica's rights as the first position secured party with respect to substantially all of Gameday's assets. Thereafter, GGL's predecessor in interest assigned its rights with respect to Gameday to GGL.

4. Gameday is in the process of dissolving its business.

5. In addition to its status as a first position secured creditor, under the terms of the Loan, GGL is entitled to an appointment of a receiver to take possession of any or all of Gameday's assets and to exercise such powers as the Court shall confer upon the receiver.

6. The assets which are subject to GGL's Corp's security interest, and may become subject to judgment liens, include, but are not limited to, certain inventory, used equipment, and certain intellectual property rights (i.e. trademarks, trade names, URLs, etc.).

7. Appointment of a receiver to administer and sell Gameday's assets is appropriate here. Gameday is in the process of dissolving, is not a functioning company, and has no operations and no employees.

8. The motion establishes a right to the appointment of a receiver over Gameday's assets. Under C.R.C.P. 66(a)(1), the Court may appoint a receiver before judgment when a party:

> establishes a prima facie right to the property, or to an interest therein, which is the subject of the action and is in possession of an adverse party and such property, or its rents, issues, and profits are in danger of being lost, removed beyond the jurisdiction of the court, or materially injured or impaired.

C.R.C.P. 66(a)(1). A receiver can also be appointed in "other cases where proper and in accordance with the established principles of equity." C.R.C.P. 66(a)(3).

9. The Loan documents expressly provide for the appointment of a receiver upon default to protect the interest of the lender, in this case GGL.

10. Under Colorado law, a receiver may be appointed over a business to prevent material injury to the assets of the corporation and to preserve them for all parties in interest. *See, e.g.*, *Eller Industries, Inc. v. Indian Motorcycle Mfg., Inc.*, 929 F. Supp. 369, 373 (D. Colo. 1995); *Diaz v. Fernandez*, 910 P.2d 96, 97 (Colo. App. 1995).

11. Gameday has consented to the appointment of a receiver over the company and to entry of this order.

12. Martin Garafalo, the principal of Sideways Corp., GGL's nominee as receiver, has the appropriate experience and is qualified to act as receiver in this case.

**IT IS THEREFORE ORDERED THAT:**

2

1.  Martin Garafalo, through Sideways Corp. is appointed as receiver (the "Receiver") over Gameday's (the "Company") assets.

**Powers of Receiver:**

2.  The Receiver shall have, but need not exercise, all of the powers and authority usually held by receivers which are reasonably necessary to sell, liquidate, transfer title to or otherwise administer the Company's assets, including, but not limited to, the following powers, each of which may be exercised without further order of the Court:

a.  To market and sell the Company's assets in either a public or private sale or by an execution sale with the assistance of the Sherriff, on such terms, in such manner, and at such time(s) as the Receiver shall determine, in its sole discretion;

b.  To take from the Company, immediate possession, custody and/or control of the Company's property, to the exclusion of the Company, and all persons acting in active concert and participation with it, including representatives, employees, agents, attorneys, managers, partners, accountants and banks;

c.  To hire and retain and otherwise obtain the advice and assistance of such legal counsel and accounting and other professionals as may be necessary to the proper discharge of the Receiver's duties, with all reasonable expenses incurred in connection therewith deemed to be expenses of the Receivership (and to pay such professionals from the proceeds of the Company's property or from advances from Plaintiff, without further application to or order of the Court);

d.  To deposit all sums received by the Receiver into an escrow account maintained by the Plaintiff's attorneys, Lanza Reich & Daniel, LLP, with offices maintained at 221 W. 37th Street, New York, NY 10018;

e.  To the extent necessary, to conduct a full inventory of the assets of the Company

f.  To borrow from the Plaintiff or third parties on an unsecured basis and on such other reasonable terms as may be acceptable to the Receiver, funds to meet the needs of the receivership estate in excess of the income from the receivership estate;

g.  To account to this Court for all sums received and expenditures made and file periodic reports to this Court from time to time, not less than every three months;

h.  To use receipts from the Company and such funds as may be advanced by third parties or by Plaintiff for the payment of expenses of the Receivership and of the Company;

i.  To recover possession of the Company's property from persons who may now or in the future be wrongfully in possession or control of such property;

3

j. To pay itself compensation for its services as Receiver and to reimburse itself for reasonable expenses incurred;

k. To distribute the unencumbered proceeds of any sale or disposition of the Company's assets to its creditors, in order of priority.

l. Generally to do such other lawful acts as the Receiver reasonably deems necessary to sell, liquidate, transfer title to or otherwise administer the Company's assets, and to perform such other functions and duties as may from time to time be required and authorized by this Court, by the laws of the State of Colorado or by the laws of the United States of America.

3. Nothing herein contained shall be construed as interfering with or invalidating any lawful lien or claim by any person or entity. In the event Plaintiff elects to conduct a sale pursuant to Article 9 of the Uniform Commercial Code, the Receiver shall cooperate in good faith with the Plaintiff for the purpose of effectuating the sale.

4. Sheriff's assistance to enforce the terms of this Order in the form of peace-keeping duties is hereby authorized.

5. All who are acting, or have acted, on behalf of the Receiver at the request of the Receiver, are protected and privileged with the same protections of this Court as the Receiver has.

**Turnover of Property:**

6. The Company shall:

a. Deliver immediately over to the Receiver or its agents all of the Company's property, including, but not limited to, any and all security deposits, rents, dues, and lease payments relating to the receivership property received after the date of this Order, and bank accounts containing those funds, endorsed to the Receivership where necessary, and to continue to deliver immediately to the Receiver any such property received at any such time in the future, and to permit the Receiver to carry out his duties hereunder without interference;

b. Disclose to the Receiver any assets of the Company which the Company believes are not a part of the Company's property subject to the provisions of this Order.

7. The Company or anyone else in possession of records related to the Company's property shall respond in a timely fashion to requests and inquiries of the Receiver concerning such records.

8. The Company, its agents or any other third parties in possession of any documents or other information necessary for the Receiver to carry out its duties are ordered to deliver such immediately over to the Receiver and are ordered to permit the Receiver to carry out its duties without interference.

4

9.     With respect to any items required to be turned over to the Receiver under this Order, the Receiver may, in its sole discretion, accept photocopies of such documents. In such event, the Receiver shall have the right at any reasonable time, on reasonable notice, to inspect the originals of such documents.

**Costs of Receivership:**

10.    In the event there are insufficient funds to pay the Receiver or his expenses, then Plaintiff shall be responsible to pay such fees and expenses. To secure such payment, the Receiver shall have a lien encumbering the Company's property having a priority immediately senior to that of any other interest. The Receiver is hereby authorized to execute and record in the Clerk and Recorder's Office for any county in which the Company's property is located Certificates of Lien putting third-parties on notice of such liens.  Any such lien may be released of record by a Certificate of Release of Lien executed by the Receiver and recorded in the county where such Certificate of Lien was previously recorded.  The Receiver shall be entitled to all costs and expenses associated with enforcing such lien and such amount shall be secured by such lien.

11.    Any debts, liabilities or obligations incurred by the Receiver in the course of this receivership, whether in the name of the Receiver, the Company, or the receivership estate, shall be the debt, liability, and obligation of the receivership estate only and not of the Receiver or any of its employees or agents personally.

**Enjoined Acts:**

12.    Except as may be expressly authorized by this Court, the Company and its agents, employees and contractors are enjoined from:

a.     Collecting the Company's property or any revenues generated by the Company, or withdrawing funds from any bank or other depository account of the Company;

b.     Terminating, or causing to be terminated, any license, permit, lease, contract or agreement of the Company; or

c.     Otherwise interfering with the Receiver's discharge of its duties.

13.    All real and personal property lessors to the Company are hereby enjoined, for a period not to exceed thirty days from entry of this Order, from seizing, or preventing the Receiver from taking possession of, the Company's property, or any portion thereof.  Delivery of a copy of this Order on any such lessor shall serve as formal notice of this Order and the lessor's obligations under this paragraph.

14.    All actions which are equitable in nature or purport to seek equitable relief against the Receiver, the Company's property, or the Company are hereby stayed.

5

**Oath and Bond of Receiver:**

15.   Within five (5) business days following the date of this Order, the Receiver shall:

a.   file its bond in the sum of $5,000 conditioned upon the faithful performance of his duties.

b.   execute and file an Oath of Receiver.

16.   The Receiver's Bond and the Oath of Receiver may be filed by facsimile transmission or via ICCES E-Filing System. However, this Order shall become effective immediately.

**Notice; Further Orders.**

17.   The Plaintiff shall give notice of the appointment of the Receiver by providing a copy of this Order to the Company as provided in C.R.C.P. 4.  Pursuant to C.R.C.P. 66(d)(3), the Receiver shall provide written notice of the action to any persons in possession of the Company's property or otherwise affected by this Order.

18.   Any notice required hereunder shall be deemed served on the date it is transmitted via ICCES E-Filing System or the date deposited in the United States mail, first class postage pre-paid, to counsel of record for any party, or directly to any party not represented by counsel, and any computation of time for purposes of this Order shall be governed by the provisions of Rule 6 of the Colorado Rules of Civil Procedure.

19.   The Receiver, any party to this action, or any party affected by this order may at any time, on proper and sufficient notice to all parties who have appeared in this action, apply to this Court for further instructions whenever such instructions shall be deemed necessary to enable the Receiver to perform the duties of the Receiver's office properly, or may request that the Court enter additional orders to supplement, clarify, amend or terminate this Order.

20.   The Receiver shall serve any request for relief or approval of any action required or permitted by this Order on Plaintiff, its counsel, and any other party filing an entry of appearance in this proceeding. Court approval of any motion or requests for authorization filed by the Receiver shall be given as a matter of course, unless any party objects to the request for Court approval within seven (7) calendar days after the service by the Receiver of written notice of such request upon anyone entering an appearance in this action or who is known to have an interest in the Company affected by the Receiver's motion or request for authorization. Service of motions and objections by facsimile and electronic transmission is acceptable. In the event of any objection to any Receiver's proposed action requiring Court approval hereunder, the Court shall promptly hold a hearing on such objection, which hearing may be telephonic.

6

**Termination:**

21.     Unless sooner terminated with the express consent of the Plaintiff, the receivership shall continue until the assets of the Company have been sold, liquidated, or otherwise administered, and the unencumbered proceeds, if any, of any sale or disposition of the Company's assets have been distributed to its creditors, in order of priority.

IT IS SO ORDERED this __day of _____, 2017.

BY THE COURT:

_____

District Court Judge

Attachment to Order - 2017CV30568