IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02104-MSK-MEH

TIM DUNCAN,

    Plaintiff,

v.

CHARLES BANKS, and
GAMEDAY ENTERTAINMENT, LLC,

    Defendants.

COMERICA BANK,

    Interested Party.

_____

**ORDER**
_____

**Michael E. Hegarty, United States Magistrate Judge**.

On September 15, 2016, the parties filed a Joint Status Report in which they informed the

Court that a "federal indictment against [Defendant] Banks was issued on or about September 8,

2016, and criminal proceedings associated with the indictment have been initiated against Banks in

the action styled USA v. Charles Augustus Banks IV, No. SA:16-CR-00618(1)-FB, in the United

States District Court for the Western District of Texas, San Antonio Division." ECF No. 92. Based

on this occurrence and in the interest of judicial efficiency, the Court granted Banks' unopposed

request to stay these proceedings pending resolution of the criminal case. ECF No. 99. Then,

following the parties' July 24, 2017 status report informing the Court of a judgment in the criminal

case, the Court held a Status Conference on August 17, 2017 at which the Court informed counsel

for the parties of its intention to lift the stay, or to partially lift the stay, but agreed to entertain

briefing on the matter. ECF No. 123. On August 25, 2017, Banks filed an opposed motion to continue the stay. ECF No. 126. The Court finds Banks fails to demonstrate good cause for his request and, thus, will deny the motion.

The decision to issue a protective order and thereby stay discovery rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Such protection is warranted, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Here, Banks seeks protection from the burden of discovery while his criminal case is on appeal and until it is "finally" resolved. A stay of all discovery is generally disfavored in this District. *Chavez v. Young Am. Ins. Co.*, No. 06-2419, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007). This case was filed two years ago on September 25, 2015, and has been already delayed nearly a year pending resolution of Banks' criminal charges. The Court finds that staying the entire case further could substantially delay the ultimate resolution of the matter, with adverse consequences such as a decrease in evidentiary quality and witness availability.

A party seeking a protective order under Rule 26(c) cannot sustain the burden of demonstrating good cause merely by relying on speculation or conclusory statements. *Tolbert-Smith v. Bodman*, 253 F.R.D. 2, 4 (D.D.C. 2008). The movant must show specific facts demonstrating that the challenged discovery will result in a clearly defined and serious injury to the party seeking protection. *Id.*; *see also Exum v. United States Olympic Comm.*, 209 F.R.D. 201, 206 (D. Colo. 2002). In this matter, Banks is primarily concerned that proceeding with this case "will impinge upon [his] Fifth Amendment rights." Reply 1. The Court is not convinced. Duncan argues without rebuttal that Banks pled guilty to one count of the indictment and the remaining counts were

dismissed. The Court agrees with Duncan that Banks' "concern that the Government may elect to 're-file charges' depending on unknown 'future events' is speculative at best." Resp. 4. Furthermore, Banks' statement that "Duncan's concerns have been eliminated" by a deposit of $7.5 million in restitution in the registry of the District Court for the Western District of Texas (Mot. 1) is in direct conflict with his admission that the funds "will be secured in [the] court registry *pending the outcome of Banks' appeal*" (Mot. 6 (emphasis added)). Certainly, if Banks were to succeed in his appeal, which is focused primarily on whether the restitution order was proper (Mot. 6), one could not reasonably assume that the funds would remain "secured" until the resolution of this civil case.

Moreover, the Court finds that, despite Banks' arguments to the contrary, certain issues exist in this case that do not overlap with the criminal case. Banks admits that, unlike in this case,

> [t]he liability issues in the Criminal Matter involve the 2013 guaranty and subordination agreement, *not* the 2012 loan. Both the original and superseding indictments only alleged wire fraud violations associated with the 2013 transaction. Moreover, Banks *only pled guilty* to a narrow scheme to defraud related to the 2013 guaranty and subordination agreement, not the 2012 loan. Indeed, in the factual basis for Banks' plea (which was accepted by the Texas court), Banks stated that he 'engaged in a course of conduct intended to secure Tim Duncan's signatures on a Guarantee and Subordination Agreement to Comerica Bank in order to fund a loan from that bank to Gameday.' The Government has never asserted that Banks fraudulently induced Duncan to make the initial $7.5 million investment in Gameday in 2012.

Mot. 5 (citation omitted).[1] Also, Banks does not rebut Duncan's argument that this case, unlike the criminal case, involves categories of damages separate and in addition to the $7.5 million awarded as restitution. *See* Resp. 3.

---

[1]In coming to this conclusion, the Court makes no findings as to whether or not the criminal matter "concerns the same alleged harm and the same $7.5 million at issue in this case," which appears to be an argument Banks intends to advance on appeal. Mot. 6-7.

Banks also argues he will suffer a financial burden by proceeding with this case. However, defendants "always are burdened when they are sued, whether the case ultimately is dismissed, summary judgment is granted, the case is settled, or a trial occurs." *Chavez*, 2007 WL 683973, at *2. Here, Banks asserts that he intends not only to defend against Duncan's claims, but also to bring counterclaims against Duncan and cross claims against a third party, Jeff Neal. Banks presents no evidence of a special burden.

Finally, Banks characterizes his requested stay as "brief." Reply 1. The Court disagrees; without a showing that the Fifth Circuit Court of Appeals resolves criminal matters more quickly than the average appellate court, this Court must conclude that a stay pending the appeal of a criminal matter in a federal court of appeals is more aptly characterized as "indefinite." And, generally, it is the policy in this district not to stay discovery indefinitely. This is particularly true in cases like this one, pending before the Honorable Marcia S. Krieger, who instructs parties that motions having the effect of delaying proceedings are "strongly discouraged" and may "adversely affect the scheduling of the case or other cases." MSK Civ. Prac. Stds., II(a) and (b). Consequently, the general interests of controlling the court's docket and the fair and speedy administration of justice require that the present motion to stay proceedings be denied. *See Chavez*, 2007 WL 683973, at *3.

Accordingly, the Court will **deny** Defendant Charles Banks' Renewed Motion to Continue Stay [filed August 25, 2017; ECF No. 126].

ORDERED and dated this 21st day of September, 2017, in Denver, Colorado.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge